IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                               No. CR 90-00285 MV

ALFONSO PEDRAZA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant Alfonso Pedraza's Motion to Reconsider Application of Sentencing Guideline Amendment 439 to His Sentence and Seeking Application of 2007 Guidelines [Doc. 25]. This Court, having considered the motion, response, briefs, supplemental materials and relevant law; and being otherwise fully informed finds that the motion should be **DENIED**.

**PROCEDURAL BACKGROUND**

On November 15, 1991, following a month long trial, a jury found Defendant guilty of conspiracy to possess with the intent to distribute more than 5 kilograms of cocaine. The facts established that Defendant participated in a large-scale international drug conspiracy with his brother and several other individuals. On February 14, 1992, Judge Santiago Campos sentenced Defendant to 360 months imprisonment in accordance with the then-mandatory United States Sentencing Guidelines. According to the Guidelines in effect at that time, Defendant had a total offense level of 40 and criminal history category IV, which required the imposition of a sentence of 360 months to life imprisonment. Defendant appealed his conviction and sentence, which were subsequently affirmed by the Tenth Circuit on June 30, 1994. *United States v. Pedraza*, 27 F.3d 1515 (10th Cir.), *cert. denied*, 513 U.S. 941, 115 S.Ct. 347, 130 L.Ed.2d 303 (1994).

On November 1, 1994, the Sentencing Commission eliminated the base drug offense level 40 under U.S.S.G. § 2D1.1(c) pursuant to Amendment 505.  *See* U.S.S.G. App. C, Vol. I at 415.  On November 1, 1995, the Sentencing Commission made Amendment 505 retroactive pursuant to Amendment 536.  *Id.* at 468; *see also* U.S.S.G. § 1B1.10(c).  On May 4, 2007, Defendant filed a Motion for Resentencing Based Upon Retroactive Application of U.S.S.G. Amendment 505, the Holding of *Apprendi* and *Booker*, and Consideration of the Factors Set Forth in 18 U.S.C. § 3553(a).

On September 4, 2007, this Court conducted a hearing on Defendant's Motion for Resentencing pursuant to 18 U.S.C. § 3582(c).  At the hearing, Defendant raised new issues, not previously raised in his initial motion.  Therefore, the Court ordered Defendant to file a supplemental brief addressing the new issues and continued the hearing.  On November 8, 2007, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, the Court determined that a two-level reduction in Defendant's total offense level was appropriate. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10.  Therefore, this Court resentenced Defendant to 324 months imprisonment, the low-end of the applicable Guideline range.  The Court also found it did not have authority to further reduce Defendant's sentence pursuant to Amendment 439 and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), as requested by Defendant.

Defendant now asks this Court to reconsider its sentence and find that: 1) clarifying Amendment 439 applies retroactively to Defendant upon resentencing pursuant to 18 U.S.C. § 3582(c); and 2) the Court has authority to treat the Sentencing Guidelines as advisory upon resentencing and consider all of the sentencing factors set forth in 18 U.S.C. § 3553(a) pursuant

to *Booker, supra.*  Defendant asks this Court to impose a sentence of time served.

## ANALYSIS

**1.     Amendment 439**

On November 1, 1992, while Defendant's direct appeal was pending, the Sentencing Commission amended U.S.S.G. § 1B1.3(a) pursuant to Amendment 439 by moving the requirement of reasonable foreseeability from the commentary to the Guideline itself.  *See* U.S.S.G. App. C, Vol. I at 307-08;  *see United States v. Maxwell*, 34 F.3d 1006, 1012 n.44 (11th Cir. 1994) ("In the sentencing guidelines in effect at the time of [the defendant's] sentencing hearing, this language was set out in the commentary to U.S.S.G. § 1B1.3.  Since that time, similar language has been incorporated into the guideline itself." (citation omitted)). Specifically, § 1B1.3(a)(1) was amended to state:

> (A)     all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>
> (B)     in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), *all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity*,
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;

U.S.S.G. § 1B1.3(a) (Nov. 1, 1992) (emphasis added).  Amendment 439 "did not substantively alter the guideline, but merely 'clarifies and more fully illustrates the operation of this guideline.'"  *United States v. Lambert*, 995 F.2d 1006, 1009 n.3 (10th Cir. 1993).  Courts may give retroactive effect to clarifying, as opposed to substantive, amendments regardless of whether they are listed in U.S.S.G. § 1B1.10, unless application of the amendment would

3

disadvantage a defendant, thus creating an *ex post facto* problem.  *See United States v. Chavez-Salais*, 337 F.3d 1170, 1174 (10th Cir. 2003) (citing *United States v. Kissick*, 69 F.3d 1048, 1052 (10th Cir. 1995) (quoting *United States v. Capers*, 61 F.3d 1100, 1109 (4th Cir. 1995)).

However, "[a] district court does not have inherent authority to modify a previously imposed sentence."  *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).  Rather, "[a] district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."  *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) (citing *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)); *see also Smartt*, 129 F.3d at 541.  Congress has granted district courts jurisdiction to modify sentences in very limited and specific circumstances under 18 U.S.C. § 3582(c).  *See also United States v. Bedonie*, 413 F.3d 1126, 1129 (10th Cir. 2005).

Under § 3582(c)(2), a district court has authority to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." However, the Tenth Circuit has determined that § 3582(c)(2) does not allow for resentencing based upon amendments to the Guidelines that are not specifically listed in U.S.S.G. § 1B1.10. *See United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003); *Chavez-Salais*, 337 F.3d at 1174-75.  Although the Tenth Circuit has held that clarifying amendments may be applied retroactively even if they are not listed in § 1B1.10(c), *see Kissick, supra; Lambert, supra;* the vehicle for application of these amendments is not § 3582(c)(2). *Torres-Aquino*, 334 F.3d at 941; *Chavez-Salais*, 337 F.3d at 1174-75.

4

In *Torres-Aquino*, the Tenth Circuit stated:

[t]he question whether an amendment to the guidelines is clarifying or substantive goes to whether a defendant was correctly sentenced under the guidelines in the first place, not to whether a correct sentence has subsequently been reduced by an amendment to the guidelines and can be modified in a proceeding under § 3582(c)(2).  An argument that a sentence was incorrectly imposed should be raised on direct appeal or in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

334 F.3d at 941 (citations omitted); *see also Chavez-Salais*, 337 F.3d at 1174-75.  Therefore, according to *Torres-Aquino*, Defendant's challenge to the Court's determination under U.S.S.G. §1B1.3 should have been raised on direct appeal or in a § 2255 motion.[1]  *See id.; United States v. Thompson*, 281 F.3d 1088, 1089, 1092-93 (10th Cir. 2002) (direct appeal); *Kissick*, 69 F.3d at 1051-53 (§ 2255); *see also United States v. DiMaio*, 1994 U.S. Dist. LEXIS 772, at *30 (E.D. Pa. Jan. 27, 1994) (§ 2255), *aff'd* 37 F.3d 1489 (3d Cir. 1994); *Isabel v. United States*, 980 F.3d 60 (1st Cir. 1992) (§ 2255).  Other circuits considering whether Amendment 439 can be applied retroactively pursuant to § 3582(c)(2) have reached the same conclusion.  *See United States v. Melvin*, 2 Fed. Appx. 306, 310 (4th Cir. 2001) (unpublished) (district court lacked authority to grant sentence reduction pursuant to § 3582(c)(2) based on retroactive application of Amendment 439 several years after completion of direct appeal); *United States v. Drath*, 89 F.3d 216, 217 (5th Cir. 1996) (refusing to apply clarifying amendment "when a defendant collaterally attacks his sentence by a § 3582(c)(2) motion based on a post-sentencing Guidelines amendment"); *cf. Capers*, 61 F.3d at 1109 (clarifying amendments *only* apply retroactively

---

[1] The Court notes that Defendant's direct appeal was pending at the time Amendment 439 became effective on November 1, 1992.  *See Pedraza*, 27 F.3d at 1515.  Therefore, Defendant could possibly have raised the issue at that time.  The Court further notes that Defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on May 26, 1996, which did not include a claim regarding Amendment 439.  *See Pedraza v. United States,* No. 96-CV 00737 JAP/LCS (D.N.M. 1996); *see also Pedraza v. United States,* No. 98-2268, 2000 U.S. App. LEXIS 11860 (10th Cir. May 26, 2000) (affirming judgment).

before sentencing or while direct appeal is pending).

In this case, Defendant came before the Court for resentencing on Amendment 505 pursuant to 18 U.S.C. § 3582(c)(2). Defendant argues he "does not suggest that the clarifying amendment standing alone provided a basis to seek resentencing, but rather, that if [he] is before the court for resentencing on other legitimate grounds, the Court is obliged to consider any clarifying amendment that affects the sentence." (Motion, p. 2.) Defendant cites *Lambert, supra*, in support of his contention. *Id.* at 3. However, *Lambert* addressed the effect of Amendment 439 on direct appeal, not in the context of § 3582(c)(2). 995 F.2d at 1006. Therefore, Defendant's reliance on *Lambert* is unavailing.

Defendant has not cited, nor has this Court found, any case with similar factual circumstances to those present here. However, the distinction asserted by Defendant is not persuasive. The Tenth Circuit has consistently held that a district court's jurisdiction under § 3582(c) is limited to only those circumstances specifically allowed by statute. *See United States v. Herrera-Garcia*, 422 F.3d 1202, 1203 (10th Cir. 2005) (§ 3582(c) does not afford relief for challenges to a district court's application of the Guidelines); *Torres-Aquino, supra*; *Chavez-Salais, supra.* The fact that Defendant is legitimately before the Court pursuant to § 3582(c)(2) on other grounds, does not open the door for Defendant to raise any other claims he may have regarding his sentence. *See United States v. Torres*, 99 F.3d 360, 361 (10th Cir. 1996) (*de novo* resentencing not allowed under § 3582(c)(2)); *see also United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (quoting *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999) ("A motion pursuant to § 3582(c)(2) 'is not a do-over of an original sentencing where a defendant is cloaked in rights mandated by statutory law and the Constitution.'")). In *Torres-Aquino*, the

6

Tenth Circuit clearly stated a district court cannot apply Amendment 439 retroactively pursuant to § 3582(c)(2). 334 F.3d at 941. Therefore, Defendant's request that this Court do exactly that is denied.

**2.   *Booker***

Defendant argues "[i]n re-sentencing Mr. Pedraza, this Court should have used the edition of the Guidelines Manual effective on November 1, 2007. Because that edition of the Guidelines became effective following the decision in *U.S. v. Booker*, 543 U.S. 220 (2005) it appears that to comply with the direction of the Tenth Circuit in *Kissick*, this Court should have considered the Guidelines as advisory only, and considered all the sentencing factors set forth in *Booker, supra.*" (Motion, p. 4.)

As discussed above, a district court's jurisdiction to resentence a defendant is extremely limited. A defendant is not free to argue, nor is a court at liberty to consider, arguments that could have been made at the original sentencing but were not. *See United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006) (§ 3582(c) is a "jurisdictional" rule limiting the substantive authority of the district court); *United States v. Jordan*, 162 F.3d 1, 3 (1st Cir. 1998) (§ 3582(c)(2) only grants jurisdiction to consider application of retroactive amendment). Moreover, a defendant's argument at resentencing cannot extend to issues of fact already determined in the first sentencing. *Jordan*, 162 F.3d at 3 (citation omitted); *see also United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). Fully *de novo* resentencing is not allowed under § 3582(c)(2). *Torres*, 99 F.3d at 361; *see also Legree*, 205 F.3d at 730.

In *Booker*, the Supreme Court expressly applied its holding only to cases on direct

review.  543 U.S. at 268.  The Tenth Circuit notes that the Supreme Court has not since declared, "that *Booker* should be applied retroactively to cases on collateral review."  *Bey v. United States,* 399 F.3d 1266, 1269 (10th Cir. 2005); *see also United States v. Rines,* 419 F.3d 1104, 1106 (10th Cir. 2005) (*Booker* applies to cases on direct review); *United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005) (declaring *Booker* does not apply to habeas petitions and joining all other circuits that have examined the issue (citations omitted)).

In *United States v. Price*, the Tenth Circuit addressed whether *Booker* provides a basis for filing a § 3582(c)(2) motion.  438 F.3d 1005.  In *Price*, the defendant argued that *Booker* "indirectly lowered" the sentencing range under which he was sentenced, and thus conferred authority on the district court to reduce his sentence under § 3582(c)(2).  *Id.* at 1006.  After examining § 3582(c)(2), the Tenth Circuit stated that "the court only has authority to modify a sentence when the range has been lowered 'by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).'"  *Id.* at 1006-07 (citation omitted).  Therefore, the Tenth Circuit declared that "*Booker* does not provide a basis for a sentence reduction under § 3582(c)."  *Id.* at 1007.  The Tenth Circuit further noted that "[a]ll of our sister circuits to consider whether *Booker* is relevant to a motion for reduction of a sentence under § 3582(c)(2) have reached the same conclusion."  *Id.* at 1007 n.2 (citations omitted).  Similarly, in *Moreno*, the Eleventh Circuit  reasoned that "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission.  Therefore, *Booker* is inapplicable to § 3582(c)(2) motions."  421 F.3d at 1220-21 *cited with approval in United States v. Culp*, 168 Fed.Appx. 319, 321 (10th Cir. 2006) (unpublished) (stating district court "plainly lacked jurisdiction" to reduce sentence under § 3582(c)(2) based on *Booker*); *see also United States v. Sanchez*, 140 Fed.Appx. 409, 410 (3d Cir.

2005) (unpublished) (§ 3582(c)(2) allows for a reduction of sentence based upon an amendment to the guidelines, not an unrelated decision of the Supreme Court); *United States v. Privette*, 129 Fed.Appx. 897, 899 (5th Cir. 2005) (unpublished) (same).

The Tenth Circuit decision in *Price* is distinguishable from the present case. In *Price*, the defendant sought resentencing under § 3582(c)(2) based solely on *Booker*. In this case, Defendant is validly before the Court for resentencing pursuant to § 3582(c)(2) based upon the retroactive Amendment 505. However, now that he is before the Court legitimately, Defendant asks the Court to reconsider his sentence in its entirety and determine whether a variance is warranted based upon the § 3553(a) factors pursuant to *Booker's* mandate. He argues that the Court's failure to apply *Booker* upon resentencing is unconstitutional, citing *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007). *See also United States v. Forty Estremera*, 498 F.Supp.2d 468 (D.P.R. 2007).

The factual circumstances in *Hicks* are analogous to Defendant's case. In *Hicks*, the Ninth Circuit considered a defendant's motion to reduce his sentence pursuant to § 3582(c)(2) based upon the Sentencing Commission's adoption of Amendment 599, which eliminated the defendant's two-level enhancement for firearm possession. 472 F.3d at 1168-69. Amendment 599 was explicitly made retroactive. *Id.* Following the adoption of Amendment 599, but before the defendant moved to reduce his sentence, the Supreme Court issued its opinion in *Booker*. *Id.* at 1169. The Ninth Circuit held that § 3582(c)(2) proceedings fall within the scope of *Booker*. *Id.* at 117-72. It further held that the policy statements by the Sentencing Commission do not preclude the application of *Booker* to § 3582(c)(2). *Id.* at 1172; *but see* U.S.S.G. § 1B1.10 (effective May 1, 2008). However, to the extent they could be interpreted as having the effect of

making the Guidelines mandatory, "they must be void." *Id.*; *see also Forty Estremera*, 498 F.Supp.2d at 468 (following *Hicks* and applying *Booker* to § 3582(c) resentencing proceeding).

Although the *Hicks* decision supports Defendant's argument, it is contrary to the Tenth Circuit decision in *Price*. 438 F.3d at 1007 n.2 (also citing cases from the Third, Fourth, Fifth, Seventh and Eleventh Circuits that concur in its holding). Furthermore, although the Tenth Circuit has not specifically addressed *Hicks*, its rationale and holding have been rejected by the majority of courts that have considered it. *See, e.g., United States v. Julien*, 2008 U.S. Dist. LEXIS 36390, at *3 (D. Me. May 5, 2008) (unpublished) (court does not find *Hicks* persuasive regarding application of *Booker* to sentence reductions imposed pursuant to § 3582(c)(2)); *United States v. Clarke*, 2008 U.S. Dist. LEXIS 34577, at *2-3 (M.D. Fla. Apr. 28, 2008) (unpublished) (court refused to conduct plenary review of defendant's sentence pursuant to *Booker* upon consideration of retroactive crack cocaine Amendment 706); *United States v. Osuna*, 2008 U.S. Dist. LEXIS 32957, at *7-9 (E.D.N.Y. Apr. 22, 2008) (unpublished) (same); *United States v. Frye*, 2008 U.S. Dist. LEXIS 33977, at *1 (W.D. Va. Apr. 21, 2008) (unpublished) (same); *United States v. Waller*, 2008 U.S. Dist. LEXIS 24086, at *1-2 (E.D. Mo. Mar. 26, 2008) (same); *United States v. Hall*, 2008 U.S. Dist. LEXIS 23698, at *1 (N.D. Iowa Mar. 24, 2008) (same); *but see Forty Estremera, supra*.

Finally, the Court notes that on May 1, 2008, the Sentencing Commission expressly limited the reach of U.S.S.G. § 1B1.10 by amending this section to state "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." § 1B1.10(a)(3). Furthermore, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than

the minimum amended guideline range determined under subdivision (1) of this subsection." § 1B1.10(b)(2)(A).  These changes to § 1B1.10 appear to be a direct response to the *Hicks* decision and an effort to curtail any further attempts by the courts to apply *Booker* to § 3582(c)(2) proceedings.  Furthermore, the Ninth Circuit's conclusion that the Sentencing Commission's policy statements were not inconsistent with the application of *Booker* is no longer valid.  *See Hicks*, 472 F.3d at 1172; *see also United States v. Strothers*, 2008 U.S. Dist. LEXIS 47630, at *12-13 (W.D. Pa. June 19, 2008) (finding decision in *Hicks* superseded by statute).

For the foregoing reasons, this Court finds it does not have jurisdiction to apply Amendment 439 and *Booker* retroactively to Defendant in a § 3582(c)(2) proceeding.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider [Doc. 25] is hereby **DENIED.**

Dated this 23rd day of July, 2008.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Norman Cairns

Attorney for Defendant:
Penni Adrian