**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                No. CV 08-0855 MV/WPL
                                                     CR 90-0285 MV

ALFONSO PEDRAZA,

      Defendant.

MEMORANDUM OPINION AND ORDER FOR STAY

      This matter is before the Court, on remand from the United States Court of Appeals for the Tenth Circuit, *see In re Alfonso Pedraza*, No. 09-2074, slip ord. (10th Cir. June 16, 2009) (CV Doc. 11; CR Doc. 67), for further consideration of Defendant's Pro Se Motion Seeking Leave Of Court To Amend Petitioner's Writ Of Habeas Corpus Filed On 9-15-08 (CV Doc. 3; CR Doc. 60) (the "motion to amend").

      After the Sentencing Commission lowered the sentencing range applicable to Defendant's conviction, this Court reduced Defendant's sentence and entered an amended criminal judgment. (CR Docs. 24, 26, 27.) Defendant filed a notice of appeal, (CR Doc. 50), from the amended judgment and the order denying his motion for reconsideration. The appeal remains pending. Defendant also filed a Petition For Writ Of Habeas Corpus, (CV Doc. 1; CR Doc. 57), invoking 28 U.S.C. § 2241. Later, in the habeas proceeding, he filed the motion to amend, seeking leave to assert an Eighth Amendment claim against his amended sentence.

      By order entered on April 2, 2009, this Court construed Defendant's motion to amend as a § 2255 motion and transferred it, *inter alia*, to the Tenth Circuit as a second or successive motion. The Court of Appeals remanded the motion on grounds that Defendant's claim of illegal sentence--

"a classic § 2255 claim, not cognizable under § 2241"--is not a second or successive § 2255 motion. *See Pedraza*, No. 09-2074, slip ord. at 5. The Court of Appeals directed this Court to conduct further proceedings on the claim, stating that "it would not be appropriate for the district court to recharacterize it as a § 2255 claim unless the procedures set forth in *Castro v. United States*, 540 U.S. 375, 383 (2003)[,] are followed." *Id.* at 5-6.

Pursuant to the order of remand and applicable precedent, because Defendant's appeal remains pending, the Court will stay his post-judgment collateral proceedings. In the remand order, the Court of Appeals cited to the decision in *United States v. Prows*, 448 F.3d 1223 (10th Cir. 2006), which noted the "general rule that a defendant may not simultaneously pursue direct and collateral relief." *Id.* at 1229 (citing *United States v. Cook*, 997 F.2d 1312, 1318-19 (10th Cir. 1993)). "The reason for such a rule in those circumstances is obvious--§ 2255 cannot do service for issues that can be raised on direct appeal. . . . [In that circumstance], a district court could exercise its discretion to stay the § 2255 motion." *Prows*, 448 F.3d at 1229 (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). Under the reasoning in *Prows*, the Court will stay this matter pending resolution of Defendant's appeal of the amended judgment in his criminal proceeding.

IT IS THEREFORE ORDERED that this civil proceeding is REOPENED, and Defendant Alfonso Pedraza's post-judgment collateral proceedings are STAYED pending resolution of the appeal of the amended judgment in his criminal proceeding.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE