**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                         No. CR 90-0285 MV

ALFONSO PEDRAZA,

      Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

        This matter is before the Court on Defendant's motion to correct clerical errors (Doc. 107).[1]

Also before the Court is Defendant's Emergency Pro Se Motion for Final Disposition (Doc. 108).

In his motion to correct clerical errors, Defendant alleges that the Second Amended Judgment (Doc.

27) the Court entered in 2007 "was silent as to the concurrency with [a] state sentence," effectively

contradicting the original judgment.  He asks the Court to issue a clarifying order and to advise the

BOP that he is entitled to credit for pretrial custody.

        As an initial matter, the terms of Rule 36 allow "correction in the formal record of a gap or

error 'arising from oversight or omission.' "  *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968)

(analyzing claim under Fed. R. Civ. P. 60(a)), *cited in United States v. Morales*, 108 F.3d 1213,

1224 (10th Cir. 1997); *and see Azure v. Gallegos*, 97 F. App'x 240, 244 (10th Cir. 2004) (rejecting

claim for alleged error regarding consecutive sentence as unavailable under Rule 36); *United States*

*v. Werber*, 51 F.3d 342, 347, 348 and n. 16 (2d Cir. 1995) (allowing court to correct transcription

errors under Rule 36, but not "error[s] of law"), *cited in United States v. Blackwell*, 81 F.3d 945, 949

(10th Cir. 1996).  The Court's alleged failure to specify concurrent sentences does not constitute

---

[1] Although  the title of the motion refers to Rule 35 of the Federal Rules of Criminal Procedure, the motion's text refers to Rule 36.  Because Defendant expressly seeks correction of alleged clerical errors, which is governed by Rule 36, the Court construes the motion under Rule 36.

"a 'clerical mistake' . . . appear[ing] on the face of the record, leaving little need for adversary proceedings to clarify the issue." *Werber*, 51 F.3d at 347.

Next, a review of the Second Amended Judgment (Doc. 27) entered by this Court on December 13, 2007, accurately states the sentence imposed by this Court upon resentencing pursuant to 18 U.S.C. § 3582(c)(2). The issue of credit for the 479 days Defendant spent in custody on a federal writ awaiting trial and sentencing from November 3, 1990 to February 25, 1992, was raised at the initial hearing on September 4, 2007. The resentencing hearing was then continued to allow Defendant an opportunity to investigate and pursue the issue of credit for the 479 days.

At the resentencing hearing on November 8, 2007, the Court heard argument from Defendant and the government on the issue. It further learned from U.S. Probation that Defendant had received credit for the 479 days on his Florida state sentence. However, Defendant argued that he should also receive concurrent credit for the 479 days on the present federal sentence. The parties agreed that it appears to have been Judge Santiago Campos's intent to give Defendant credit on his federal sentence for the 479 days by attempting to enter the order and judgment *nunc pro tunc* as of the day of his arrest on the federal writ, November 3, 1990.[2] Defendant requested the Court grant a departure of 479 days to give effect to Judge Campos's intended sentence. However, the Court determined it did not have authority to grant the departure in the § 3582 proceeding, or otherwise give Defendant credit for the 479 days, for the reasons discussed at the hearing on November 8, 2007. Consequently, the Second Amended Judgment entered on December 13, 2007, does not reflect a credit for the 479 days or indicate that the 479 days are to run concurrent to the Florida state court sentence.

_____

[2] At the original sentencing in 1992, Judge Campos made no mention of a concurrent sentence or any reference to Florida sentence concerning the issue of credit.

2

Finally, as stated at the resentencing hearing, based upon a review of the original sentencing transcript from 1992, the Court believes it was Judge Campos's intent to give Defendant credit on his current federal sentence for the 479 days he spent in custody on the federal writ awaiting trial and sentencing in this case as evidenced by his effort to enter the order *nunc pro tunc*. Judge Campos did not pre-condition the intended federal credit upon whether or not Defendant also received credit for the 479 days on his state court sentence. Therefore, this Court would not presume to impose that condition now. If the judgment had been effectively entered *nunc pro tunc*, Defendant would have received 479 days credit for time served on his federal sentence without question. Unfortunately, as previously stated at the resentencing hearing, this Court does not have authority to give Defendant credit for the 479 days now.

The United States Attorney General, through the Bureau of Prisons (BOP), has the responsibility of administering a federal sentence, including computation of jail-time credit for pretrial incarceration. *See United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("only the Attorney General through the Bureau of Prisons has the power to grant sentence credit") (citing *United States v. Wilson*, 503 U.S. 329, 333, 337 (1992). A district court has jurisdiction under 28 U.S.C. § 2241 to review the computation of a sentence after the prisoner has exhausted administrative remedies before the BOP. *Wilson*, 503 U.S. at 335-36; *Bennett v. United States Parole Comm'n*, 83 F.3d 324, 328 (10th Cir. 1996). Here, the motion makes no mention of whether Defendant has sought administrative review by the BOP of the computation of his sentence. At this juncture, this Court can only make a recommendation to the BOP that if it is considering the computation of Defendant's sentence, that it take into consideration the original sentence intended by Judge Campos as discussed herein. Because granting the requested credit is not authorized under Rule 36 or otherwise, the motion will be denied.

IT IS THEREFORE ORDERED that Defendant's motion to correct clerical errors (Doc. 107), construed under Rule 36 of the Federal Rules of Criminal Procedure, is DENIED; Defendant's Emergency Pro Se Motion for Final Disposition (Doc. 108) is DENIED as moot; and the Clerk is directed to mail a copy of this Order to Defendant at the address indicated on page 4 of the motion (Doc. 107).

DATED: June 26, 2013.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

4