IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                         No. 90-CR-0285-MV-02

ALFONSO PEDRAZA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Alfonso Pedraza's Motion for Reconsideration of the Court's June 26, 2013 Order Denying Alfonso's Rule 36 Motion [Doc. 110], the two addenda thereto [Docs. 111, 112], the Motion for Final Disposition on the Motion for Reconsideration [Doc. 113], and the Defendant's Motion for a *Nunc Pro Tunc* Order to Correct a Mistake in This Court's Judgment Filed on June 26, 2013 Which Directly Contradicts the Oral Sentence Pronounced on February 25, 1992 and to Prevent a Miscarriage of Justice [Doc. 114]. The Court, having considered the motions, briefs, relevant law, and being otherwise fully informed, finds that both of the motions are not well-taken and therefore will be **denied**.

### BACKGROUND

To borrow the Tenth Circuit's characterization of an earlier appeal in this case, "[t]his matter is before the court on Alfonso Pedraza's latest appeal in a long string of challenges to his 1991 conviction for conspiracy to possess with intent to distribute cocaine." *United States v. Pedraza*, 214 F.App'x 853, 853 (10th Cir. 2007). Given the long and tortuous procedural history

of this case, the Court will assume familiarity with the complete saga, but will also briefly recite the facts pertinent to the motions before the Court.

Alfonso Pedraza was convicted before this Court in 1991 for his involvement in a criminal conspiracy to distribute approximately 707 kilograms of cocaine. He was then sentenced by the Honorable Santiago E. Campos under the applicable version of the United States Sentencing Guidelines (U.S.S.G.). Doc. 101 at 1-2. At sentencing, it appears that Judge Campos remarked that he wanted to accord Pedraza credit for the 479 days that he had been in custody since his arrest and that he intended to run the federal sentence concurrent to the remainder of the state sentence. Transcript of Proceedings, February 25, 1992 ("Sentencing Tr.") at 52-55, 57-58. Despite Pedraza's repeated insistence to the contrary, what remains unclear is whether Judge Campos intended the 479 day credit to be applied *both* to the state *and* the federal sentence. Doc. 109 at 2. *See also* Sentencing Tr. at 53-55. The initial judgment, entered by the Court on March 10, 1992 indicates that the defendant should "receive credit for prior federal custody pursuant to 18 U.S.C. § 3585," but is silent as to whether the state and federal sentences should be run concurrently or consecutively. Whatever Judge Campos's intent with respect to the 479 day credit may have been, 18 U.S.C. § 3585 authorizes credit on a sentence to be awarded only where that time "has not been credited against another sentence." 18 U.S.C. § 3585(b).

After a series of appeals and collateral attacks, in "2007, Mr. Pedraza filed a motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, requesting that the court reduce his sentence in accordance with three amendments to the sentencing guideline." Doc. 101 at 2. At the hearing held on the matter, Pedraza raised both the issue of concurrence and the 479 day credit, although he had not briefed either issue; in the interest of reaching a considered and

accurate decision, the court adjourned the hearing from September 4, 2007 to November 8, 2007 specifically in order to permit the parties and the Court to investigate. Doc. 109 at 2; Doc. 21 at 40. At the September 4, 2007 hearing, the Defense indicated that the Pedraza had been "in limbo" and therefore "didn't get credit against his state sentence, either." Doc. 21 at 39. This statement proved to be untrue; at the November 8, 2007 hearing, the government relayed that "the State of Florida did give [Pedraza] that accommodation, that he was credited for the time he spent in federal custody." Doc. 32 at 9. The government thus reasoned that because "that accommodation was given to him by the State of Florida," Judge Campos's intent at sentencing had been fulfilled and Pedraza had been accorded the entire credit afforded by law. *Id. See also Id.* at 17-18 ("He did get credit for that time, according to the records in the Florida Department of Corrections."). The Court denied Pedraza's request "either to award credit or to grant a downward departure for the 479 days that [he was] in federal custody" because it did not have authority to do so. *Id.* at 38. The Court subsequently entered the Second Amended Judgment, which accurately reflects the Court's sentence and therefore excludes duplicative credit for the 479 days credited by the State of Florida and, like the first judgment in this matter, does not provide for concurrent sentences. Doc. 27. *See* 28 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); *Newman v. Cozz-Rhodes*, 526 F. App'x 818, 822 (10th Cir. 2013) ("multiple sentences imposed at different times—even as between state and federal sentences— run consecutively.").

Since then, Pedraza has sought, unsuccessfully, to challenge his sentence in a variety of ways. For example, Pedraza moved this Court to reconsider the Second Amended Judgment [Doc. 47], appealed the Second Amended Judgment and the Court's denial of the motion for

reconsideration to the Court of Appeals [Doc. 50], and sought to vacate the Second Amended Judgment under § 2255 [Doc. 60].  None of these myriad and multifarious challenges has revealed any legal defect in his conviction or the sentence imposed in the Second Amended Judgment.

Pedraza now requests that this Court reconsider its denial of his Rule 36 Motion [Doc. 107] and grant his motion for *nunc pro tunc* relief regarding an alleged error in the Court's order of June 26, 2013 [Doc. 114].

### DEFENDANT'S MOTION FOR RECONSIDERATION

"Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper."  *United States v. Randall*, 666 F.3d 1238 (10th Cir. 2011) (internal quotation marks omitted).  *See also United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) ("Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them.").  When presented with such a motion, courts in the Tenth Circuit apply the same standard as in analogous civil cases.  *See, e.g.*, *United States v. D'Armond*, 80 F. Supp. 2d 1157, 1170 (D.Kan.1999) ("the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case.").  *See also United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (explaining that the Supreme Court has "concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits").  Thus, a "motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *Christy*, 739 F.3d at 539.  Illustrative examples of grounds for reconsideration "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent

manifest injustice." *Devon Energy Production Co., L.P. v. Mosaic Potash Calsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (internal quotation marks omitted). None of these circumstances obtains in the instant case.

This Court denied Pedraza's Rule 36 Motion [Doc. 107] for two independent reasons. First, the Court held that the "alleged failure to specify concurrent sentences [in the 2007 Second Amended Judgment] does not constitute" the sort of clerical error contemplated by Federal Rule of Criminal Procedure 36. Doc. 107 at 1-2. Second, the Court found that even if the error in question were within the ambit of Rule 36, the Second Amended Judgment [Doc. 27] accurately reflects the Court's determination at resentencing that it "did not have authority to grant" the relief requested. *Id.* at 2. *See also* Doc. 53 at 38.

Pedraza cannot show why either of these holdings is inaccurate, much less how the Court "misapprehended the facts, a party's position, or the law" in its denial of the Rule 36 Motion. *Christy*, 739 F.3d at 539. With respect to the first holding, Defendant offers no contrary authority to suggest that the alleged error in the Second Amended Judgment constitutes a clerical error cognizable in a Rule 36 motion; indeed, Pedraza appears to ignore entirely this limitation contained within the rule itself. Instead, Defendant merely repeats the arguments he presented in the original motion without any suggestion as to how the Court misapprehended the relevant law when it denied the motion the first time.

Similarly, the reliance on an e-mail from the Court's Courtroom Deputy as a factual predicate for reconsideration is entirely misplaced for at least three reasons. First, Defendant's Motion points to nothing about this e-mail that the Court misunderstood when the e-mail was first presented in his Rule 36 Motion. Second, the e-mail correctly describes the Court's decision at resentencing, such that the Court perceives no error to correct on reconsideration.

Third, it is metaphysically impossible that an e-mail sent in January of 2013 created a "clerical error" in the Second Amended Judgment, entered more than *five years earlier* in December of 2007.  For all of Pedraza's legal rhetoric, he does not, and cannot, seriously contend that this Court erred in refusing to hold that the 2007 Second Amended Judgment suffers from a *clerical* defect.  Thus, Pedraza's Motion for Reconsideration must be denied.

Ultimately, Defendant's Motion for Reconsideration, its two addenda, and the Motion Seeking a Final Disposition amount to an attempt to re-litigate the Court's decision at re-sentencing, rather than a true motion to reconsider the Court's denial of the Rule 36 Motion.  *See United States v. Blackwell*, 81 F.3d 945, 949 (Rule 36 "does not give the court authority to substantively modify a Defendant's sentence").  *See also United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993) (explaining that Rule 36 "does not apply to errors made by the court itself"). The intent of these pleadings is apparent from Pedraza's Second Addendum [Doc. 112] which requests that the Court "construe the motion for reconsideration and the amendment as a 28 U.S.C. §2241 [sic]" *habeas* petition.  Doc. 112 at 1.  The Court will not entertain this invitation.

As described above, this is only the latest in a series of collateral attacks that Pedraza has orchestrated in an attempt to vacate his conviction and at least the *third* he has aimed at his 2007 resentencing.  *See generally* Docs. 92, 101, 102, 106.  Here, as Pedraza has not made even a cursory effort to meet the requirements set forth in 28 U.S.C. § 2255(h)(1) and has not presented a remotely meritorious case, to the extent that Defendant's papers may be viewed, in the aggregate, as a § 2241 petition, this Court will dismiss the petition for lack of jurisdiction, rather than burden the Court of Appeals by transferring it.  *See* 28 U.S.C. § 1631; *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("[i]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the

6

relief sought in the pleading."); *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008) ("Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."). *Cf. Case v. Hatch* 731 F.3d 1015, 1027 (10th Cir. 2013) (the "gate-keeping requirements [in § 2244] are jurisdictional in nature, and must be considered prior to the merits of a § 2254 petition.").

Further, a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, *or that such court has denied him relief*, *unless* it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). For these purposes, § 2255 "is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of [the] circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Pedraza has not shown that any of these requirements is met.

Moreover, an application under § 2241 challenging the execution of a federal prison sentence "must be sought in the district where a prisoner is confined at the time of filing the petition rather than in the district where a prisoner is convicted and sentenced." *McBee v. Lewis*, 166 F. App'x 360, 362 (10th Cir. 2006) (citing *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir.2000)). *See also Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (a petition

pursuant to § 2241 "typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined"); 28 U.S.C. § 2241(a).  Thus, because Pedraza is currently incarcerated in Florida, rather than New Mexico, no § 2241 petition is appropriately before this Court.  Given these fatal deficiencies in Pedraza's ersatz § 2241 petition, the Court is required to dismiss it for lack of jurisdiction and will not burden the Court of Appeals with a request for a successive § 2255 petition.

## DEFENDANT'S MOTION FOR *NUNC PRO TUNC* RELIEF

While the Defendant's request for a *nunc pro tunc* order addresses in its first paragraph a purported "mistake in [the Court's] order filed on June 26, 2013, footnote 2, at page 2," the remainder of the Motion addresses perceived errors in the 2007 resentencing pertaining to running the federal sentence concurrent with the state sentence.  Doc. 114 at 4-5.  The sentencing issue has been discussed exhaustively, both here and in earlier decisions; the Court will not repeat that discussion here.

With respect to the alleged error in the June 26, 2013 Order, *nunc pro tunc* relief will not be granted. The footnote that Pedraza challenges, while admittedly not the model of clarity, correctly reflects the Court's understanding of the initial sentencing proceeding.  Read in context, the footnote merely states that Judge Campos did not address the question of whether or how the 479 day credit would be affected by a state court sentence.  Doc. 109 at 2.  As explained above, this statement is correct; Judge Campos does not appear to have addressed the issue of potentially duplicative credit.  *Id. See also Supra* at 2.  The Court recognizes that Pedraza may disagree with the Court's position and that the Court's phrasing may have been infelicitous, but there is no error in the Order to correct.

## CONCLUSION

The Court sympathizes deeply with the Defendant, who has, in many ways, been disserved by the crude and imperfect machinery of American criminal justice. In addition to bearing the burden of extremely punitive drug laws and Procrustean sentencing guidelines, the Defendant appears to have suffered the pains born of a misinformed hope for an earlier release. However, this Court is also profoundly conscious of the limitations placed on its authority to revisit long-settled issues that have been exhaustively litigated and definitively decided, whatever confusion or heartache they may have wrought along the way. The Court recognizes that the legal arcana surrounding collateral attacks and other challenges are often stultifying, impenetrable, and absurd, but this Court is bound to adhere to their strictures nonetheless.

Because the Defendant has not met his burden on motion for reconsideration or shown the existence of an error requiring *nunc pro tunc* correction, each of his motions will be denied.

**IT IS THEREFORE ORDERED** that each of Alfonso Pedraza's pending motions is denied.

Dated this 4th day of December, 2014.

_____
**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE